ROBERT B. LOTT and others *v.* LESTAN PRUDHOMME and another.

3r 293
104 612

A receipt of the Receiver of Public Moneys, for the price of government lands, is sufficient evidence of title from the United States. to form the basis of a petitory action—not that it is of equal dignity with a patent, but evidence of an equitable title on which the owner may recover.

Where the boundaries of a confirmed claim are vague and uncertain, and are to be fixed by the operations of the surveying department, or the confirmation is only the recognition of a pre-existing right, and before such survey and location the government sells a part of the land, not necessarily embraced within the tract confirmed, the title of the purchaser under such sale will prevail.

The Commissioner of the General Land Office has no authority to vacate a patent already issued ; but he may declare a *certificate of purchase* of lands, which the law has forbidden to be sold or disposed of, to be void.

Whenever the question arises, whether the title to property, which belonged to the United States, has passed, it must be resolved by the laws of the United States. But where it has once passed, it becomes, like all other property in the State, subject to State legislation. so far as such legislation is consistent with the admission that the title has so passed.

A patent from the United States, for a portion of the public lands. is conclusive, unless attacked on the ground of error or fraud ; and the question of error or fraud, so far as it concerns a citizen of this State, must be determined by our laws.

The moment a patent for public lands has passed the great seal, it is beyond the power of the officers of the United States.

AUGUSTE METOYER, who had been cited in warranty to defend this suit, is appellant from a judgment rendered in favor of the plaintiffs, by the District Court of Natchitoches, *Campbell,* J.

*Dunbar,* for the plaintiffs.

*Morse* and *Roysdon,* for the appellant.

BULLARD, J.   The plaintiffs assert title to a tract of land described as composed of Nos. 1, 2, 3, 4, 5, and 7, of section No. 18, in township No. 8, of range No. 5 west, containing $478\frac{44}{100}$ acres, which they allege was purchased of the United States by Lott and Jones, and a part sold by them to their co-plaintiffs in this case.   The plaintiffs gave in evidence, as proof of their title, a certificate of purchase, or receipt for the price of the lots mentioned, signed by Eastin, Receiver, dated at the Land Office, Ouachita, Louisiana, April 9, 1836.

Metoyer, who came in to defend the action, on the call of José Maria, his tenant,* sets up title under a confirmation by the Land Commissioners of the inchoate title of Verges, which appears to have been located so as to cover in fact the lots purchased by the plaintiffs.   That location was not made until the 11th of November, 1836, after the plaintiffs had purchased, and was approved by the Surveyor General on the 1st of December of the same year. At the time of the plaintiffs' purchase, the lots were represented, on an approved township plat, as public lands.

The Commissioners' certificate, confirming the claim of Langloise, under the title of Verges, described the land as bounded below by Pierre Derbaune, and situated on the river Bruslé, having a front of ten *arpens*, by a depth of forty.

We have more than once ruled, that the receipt of the Receiver of Public Moneys for government lands, is sufficient evidence of title out of the government, to form the basis of a petitory action. 10 La. 159.   11 Ib. 321.   19 Ib. 336.   We do not mean that such receipt is of equal dignity with a patent, but that it is evidence of an equitable title, upon which the owner may recover in a petitory action.

The certificate of the Commissioners gives us a very vague description of the land confirmed.   Its calls are uncertain, and necessarily depend upon the operations of a surveyor, and upon evidence of Derbaune's upper boundary, of which we have no information.

---

* Prudhomme disclaimed title, and alleged that he was not in possession of any part of the land.

The case of *Lefebvre* v. *Comeau et al.* and that of *Slack* v. *Orillion*, both reported in 11 La. (pp. 321, 587) cannot easily be distinguished from this. We then held, that when the boundaries of a confirmed claim are vague and uncertain, and are to be fixed by the operations of the surveying department, or such confirmation is only the recognition of a pre-existing right or claim, and, before the survey and location, the government sells a part of the land not *necessarily embraced* within the tract confirmed, the title of the purchaser will prevail.

The location of the title of Verges was not only *ex parte*, but was made after the plaintiffs had purchased, and there is nothing on the face of it to show that it embraced the lots in question. On the contrary, it is left doubtful, even now, whether the land as surveyed, in fact adjoined Derbaune, as called for in the certificate. But the evidence upon which the surveyor concluded that the land as surveyed was included in the confirmation was *ex parte*, and, as to the plaintiffs, *res inter alios acta*.

But it is shown that the Commissioner of the General Land Office instructed the Register of the Land Office to return the patents which had issued, if they had not been delivered to the patentees, and if they had been, to advise them immediately of the illegality of their entries, and to request them to return the patents in order that the purchase money might be refunded. This order bears date July 13, 1841, more than four years after this action was instituted. It thus appears that the plaintiffs' patents were actually issued and transmitted to the Register of the Land Office, but were withheld by order of the Commissioner of the General Land Office. It does not appear that these patents have ever been vacated or annulled, nor are we acquainted with any law which authorizes the Commissioner to vacate a patent already issued. We repeat, however, what was said in the case of *Guidry* v. *Woods*, 19 La. 334, that we do not doubt the authority of the Commissioner of the General Land Office to declare void a *certificate of purchase* of lands, *which the law forbids to be sold or disposed of*.

We do not question the doctrine sanctioned by the Supreme Court of the United States, in the case of *Wilcox* v. *Jackson*, that whenever the question arises, whether the title to property which

had belonged to the United States, has passed, that question must be resolved by the laws of the United States.   But when the property has passed according to those laws, that then the property, like all other in the State, is subject to State legislation, so far as that legislation is consistent with the admission that the title passed and vested according to the laws of the United States.   And further, that in an action at law, the patent from the United States, for a part of the public lands, is conclusive, unless attacked for error or fraud.   13 Peters, 498.

It is true such patent may be avoided and annulled for mistake or fraud, but that question, so far as it concerns a citizen of the State, must be solved by our own laws.

According to these principles, even admitting the right of the Commissioner of the General Land Office to cancel an entry and sale of public lands before the issuing of a patent, yet the moment a patent has passed the great seal, it is beyond the power of the officers of the general government.   It is true the instrument in this case has been withheld, but we conceive that the mere possession of the parchment does not affect the right of the patentee.

The certificate under which Metoyer claims is vague as to the description of the land ; and it cannot be said that the particular land on which it was located, for the first time, since the inception of this suit, upon very slight evidence of its identity with the tract originally granted to Verges, had been reserved from sale previously to 1836, when it figured on the township plat as subject to private entry.   The defendant Maria, and those under whom he claims, may blame themselves, if, in consequence of their own *laches*, the plaintiffs have acquired a patent for the land upon which they might have located their certificate.

There is not sufficient evidence to make out title by prescription.

*Judgment affirmed.*